Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5856 | **DATE** | 12/5/2012 |
| **CASE TITLE** | Piscopo vs. Emanuel, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss [12] by Individual Defendants Emanuel and McCarthy ("Individual Defendants") is granted. Because Plaintiff is *pro se*, his motions "For Relief and to Find for the Plaintiff" [17] and to "Move up Case in the Court's Docket and find for the Plaintiff" [23] were considered as briefs in opposition to Individual Defendants' motion to dismiss [12]. Having granted Individual Defendants' motion to dismiss, Plaintiff's motions [17, 23] are now terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

**I.    Background**

According to his complaint, Plaintiff Vincent C. Piscopo was a Chicago police officer from August 1955 until sometime in 1961 or 1962 when he was "placed on total and permanent disability." Plaintiff's disability was caused by two accidents. On February 14, 1956, while patrolling Chicago Avenue on a three-wheeled motorcycle, a vehicle traveling at approximately thirty-five miles per hour struck Plaintiff from behind. He was thrown in air, landed painfully on the back of his motorcycle, and injured his sciatic nerve. After treatments and therapy, Plaintiff was able to return to light duty in the communications center, answering 911 calls and broadcasting on the north side's channel.

In 1961, Plaintiff was moved from light to regular duty. He was assigned to a "squadrol," a police wagon used for patrol, transporting arrestees, evidence, and, when necessary, bodies. On September 25, 1961, Plaintiff transported the body of a 300-pound woman to the morgue. Plaintiff and his partner moved the woman's body out of squadrol and onto a gurney at the coroner's office by themselves. Plaintiff's back immediately started to "throb and flare up in severe pain." Plaintiff had surgery, but he was unable to work again as a police officer due to his injuries. He still experiences severe back pain.

Plaintiff's *pro se* complaint is titled "BIAS & DISCRIMINATION" and asserts that the "Retirement Board of the Chicago Policeman's Annuity and Benefit Fund was biased and discriminated against [him] when they froze his pay scale — ¾ pay at approximately $246 per month with no automatic (3%) compounded pension boost." Plaintiff also alleges "negligence and reckless disregard for [his] safety and rightful compensation under Illinois law." Individual Defendants have moved to dismiss.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

## III. Analysis

Individual Defendants' principal argument in support of their motion to dismiss is that Plaintiff's claims are time-barred. The period of limitations, however, is an affirmative defense and "[c]omplaints need not anticipate defenses and attempt to defeat them." *Richards v. Mitcheff,* 969 F.3d 635, 637 (7th Cir. 2012). Plaintiff's complaint, therefore, cannot properly be dismissed based on a limitations defense under Rule 12(b)(6). *Id.* That said:

> A plaintiff whose allegations show that there is an airtight defense has pleaded himself out court, and the judge may dismiss the suit on the pleadings under Rule 12(c). This comes to the same thing as a dismissal under rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably.

*Id.* Here, the facts relevant to the limitations period(s) for Plaintiff's claims are uncontested. *Id*. at 638. According to Plaintiff's complaint, every significant event occurred decades before Plaintiff filed this lawsuit. The only recent events that could possibly matter to the viability of Plaintiff's claims are his pension payments. But "[i]t is not correct to consider payments of benefits based on a retirement that has already occurred as a sort of continuing violation." *Florida v. Long*, 487 U.S. 223, 239 (1988).

In *Long*, the Supreme Court distinguished between continuing payment of discriminatory wages and continuing payment of a pension. "In a salary case, * * * each week's paycheck is compensation for work presently performed * * *. By contrast, a pension plan * * * provides benefits fixed under a contract between the employer and retiree based on past assessment of an employee's expected years of service, date of retirement, average final salary, and years of projected benefits." *Id.*

| STATEMENT |
|---|

In this case, Plaintiff does not say what law supports his claims of bias and discrimination, but whether Plaintiff is bringing claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, or Title VII, his claims are decades late. See, *e.g.*, *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) (two year limitations period for § 1983 claims in Illinois); *Moore v. City of Chicago*, 126 Fed. Appx. 745, 747 (7th Cir. 2005) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)) (four year limitations period for § 1981 claims); *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (under Title VII, a charge must be filed with the EEOC within 300 days of the alleged violation). In addition, any state law tort, contract, or fraud claim that might (arguably) be supported by Plaintiff's complaint would also be time-barred. See, *e.g.*, *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 877 (N.D. Ill. 2009) (ten-year limitations period under Illinois law for actions based on "written contracts"); *Gilmore v. Bayer Corp.*, 2012 WL 1076298, at *3 (N.D. Ill. March 29, 2012) (two-year limitations period under Illinois law for personal injury claims; five-year limitations period for common law fraud and negligence claims) (citing cases); see also *Knox College v. Celotex Corp*, 430 N.E.2d 976, 980-81 (Ill. 1981) (tort and fraud claims accrue when the Plaintiff knew or reasonably should have known of his injuries and that they were wrongfully caused).

In short, Plaintiff's allegations leave no doubt that — regardless of the particular legal theory that he might have chosen to pursue — the time for him to bring any claims against these Defendants for the events described in his complaint has long since passed. In other words, Plaintiff's claims are blocked by an "airtight defense." *Richards,* 969 F.3d at 637.

**IV.     Conclusion**

For the reasons stated above, Individual Defendants' motion to dismiss [12] is granted. Because Plaintiff is *pro se*, his motions "For Relief and to Find for the Plaintiff" [17] and to "Move up Case in the Court's Docket and find for the Plaintiff" [23] were considered as briefs in opposition to Individual Defendants' motion to dismiss [12]. Having granted Individual Defendants' motion to dismiss, Plaintiff's motions [17, 23] are now terminated.