Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5856 | **DATE** | 5/1/2013 |
| **CASE TITLE** | Piscopo vs. Emanuel, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court gives Plaintiff 28 days to serve process on Defendant Retirement Board in the manner required by Rule 4. If Plaintiff fails to do so, the Court will dismiss his remaining claims with prejudice and enter final judgment. This order supplements the Court's previous opinion dismissing Plaintiff's complaint against the Individual Defendants [24].

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

On July 25, 2012, Plaintiff, *pro se*, filed a complaint alleging "bias & discrimination" against Defendants Rahm Emanuel and Gerry McCarthy ("Individual Defendants"), and the Retirement Board of the Policeman's Annuity and Benefit Fund for the City of Chicago ("Retirement Board"). The Individual Defendants moved to dismiss. According to the Individual Defendants, Plaintiff's claims concerned events that occurred in the late 1950s and early 1960s and, regardless of their merit (which is not conceded), they are now unquestionably time-barred. The Court agreed with the Individual Defendants and granted their motions to dismiss [12, 24].

Since the entry of the dismissal order, the Court on multiple occasions has urged Plaintiff, who appears not to qualify for *in forma pauperis* status (and possibly court-recruited counsel), to make an appointment with the Pro Se Assistance Program attorney. However, it became apparent at the last status hearing that Plaintiff (1) has not done so, (2) has no intention of doing so, and (3) feels that the information now before the Court suffices to state a claim. In light of Plaintiff's diligence in coming to Court to try to explain his position, his comments at the status hearing, and the letter and attachments filed by Plaintiff on March 16, 2013 [41] – which the Court construes as a motion for reconsideration (see Fed. R. Civ. P. 54) – the Court has undertaken a thorough re-examination of the lawsuit.

To recapitulate Plaintiff's claim, the events leading to Plaintiff's disability took place in February 1956 and September 1961. On both occasions, Plaintiff sustained serious injuries while on duty as a Chicago police officer. Records submitted by Plaintiff indicate the police department terminated Plaintiff from service on December 1, 1963. About two months later, Plaintiff received a letter indicating that the Retirement Board decided to grant Plaintiff "Ordinary Disability Benefit" for a period of 2 years and 23 days from the date of his termination from service. On December 24, 1965, Plaintiff's benefit elapsed. Plaintiff contends that as of that date, he should have been receiving Duty Disability Benefit on account of his permanent and total disability. Two letters tendered by Plaintiff – one in March 1967 and the other in March 1968 – express a doctor's opinion that Plaintiff should be considered "total disabled" as of these dates and advise that his

"disability pension" should be continued. Plaintiff also has submitted an undated document summarizing his claim for a Duty Disability Benefit; that document notes that an investigation of Plaintiff's claim "has not been completed." Finally, Plaintiff has attached to his filing two 2013 articles from the CHICAGO SUN TIMES: the first focuses on large settlements that have been paid by the City of Chicago in recent months to settle lawsuits, and the second describes recent efforts by the City to negotiate pension reforms with the union representing Chicago police officers.

These documents simply confirm the Court's prior determination that Plaintiff's claims about "bias and discrimination" are premised on pension payments that accrued and were set more than four decades ago. No discovery rule theory or theory of continuing violation could save those claims from a statute of limitations bar. See, e.g., *Florida v. Long*, 487 U.S. 223, 239 (1988) ("It is not correct to consider payments of [pension] benefits based on a retirement that has already occurred as a sort of continuing violation."); *Dasgupta v. Univ. of Wisconsin Bd. of Regents*, 121 F.3d 1138, 1140 (7th Cir. 1997) ("A lingering effect of an unlawful act is not itself an unlawful act, however, so it does not revive an already time-barred illegality * * * ."). Exercising reasonable diligence, Plaintiff should have been able to learn decades ago about the alleged problems with his pension payments, or at least long before an article that he read in the newspaper motivated him to bring this lawsuit. See, *e.g*, *Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994) (discovery rule "postpones the beginning of the limitations period of a federal claim from the date the party is injured to the date when the party discovers or should have discovered the injury, exercising reasonable diligence"); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim"). For good measure, the Court notes that Plaintiff could not have stated an Americans with Disabilities Act claim based on disability discrimination that occurred in the 1960s; the Act is not retroactive. See, *e.g.*, *Vande Zande v. State of Wis. Dept. of Admin*, 44 F.3d 538, 546 (7th Cir. 1995).

The Court's ruling in favor of the Individual Defendants on their motion to dismiss does not end the case, however, because another Defendant, the Retirement Board, never filed an appearance or, much less, moved to dismiss Plaintiff's complaint.[1] Given the Retirement Board's silence, Plaintiff moved for a default judgment. Reviewing Plaintiff's motion for default, the Court learned that Plaintiff failed to provide proper notice and service of the motion, and so it denied the motion for default without prejudice [38]. Moreover, it appears that the Retirement Board's general absence from this case can be explained by Plaintiff's failure to comply with Rule 4. Because Plaintiff mailed his complaint to the Retirement Board, the Retirement Board was never properly served with process.

> [FN1] Because Plaintiff's claims against Defendant Retirement Board remain pending, the Court has not entered a final, appealable judgment in this case and Plaintiff's notice of appeal [26] is premature.

As the Seventh Circuit has noted, "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). And "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Id*.; see also *Equity Residential Properties Mgmt. Corp. v. Nasolo*, 847 N.E.2d 126 (1st Dist. 2006) (holding that a defendant's actual knowledge that an action is pending or that service has been attempted is not the equivalent of service of summons and would not relieve the plaintiff of its burden or vest the court with jurisdiction). In other words, the formalities of service of process under Rule 4 must be observed.

## STATEMENT

The court of appeals stated that "the preferred approach" to service "is for the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant under Rule 4(d)." *Ligas*, 549 F.3d at 500–01. In this case, Plaintiff mailed his complaint to the Retirement Board, but it did not waive service or otherwise respond. Where, as here, "the defendant does not waive service and no federal statute otherwise supplies a method for service process, then Rule 4(e)'s list of methods is exclusive." *Id*. at 501. Those approved methods include personal service, leaving a copy of the summons and complaint at the defendant's "usual place of abode" with a person of suitable age who resides there, delivering a copy of the complaint and summons to an agent authorized to accept service, or "any other manner of serving process permitted by the law of the state where the district court sits." *Id*.

Like federal law, the Illinois Code of Civil Procedure generally permits service on an individual "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2–203(a). However, if service is "impractical" under the methods set forth in Section 2–203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2–203.1. A motion to approve service under Section 5/2–203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." See also *In re Schmitt*, 747 N.E.2d 524, 531 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. Plaintiff has not filed a motion or otherwise argued that service is impractical under the ordinary methods. The upshot is that while Plaintiff could attempt to serve Defendant Retirement Board by mailing the complaint and summons along with a waiver form, unless Defendant Retirement Board executed the waiver form (or otherwise indicated that it was agreeable to waiver of service) – which it did not – Plaintiff remained obligated to serve Defendant Retirement Board under the methods approved by Rule 4(e), which do not include registered mail.

It has been more than 120 days since Plaintiff filed his complaint and the Retirement Board has not yet been served as required Rule 4. Thus, the Court "must dismiss the action without prejudice against [the improperly served] defendant or order that service must be made within a specified time." Fed R. Civ. P. 4(m). The Court opts for the latter option: Plaintiff is given until May 29, 2013 to serve the Retirement Board with his complaint as required under Rule 4. Again, the Court reminds Plaintiff that if he requires assistance understanding how to comply with the rules of notice and service, the Court again encourages him to contact the *Pro Se* Assistance Program. As indicated on the Northern District of Illinois's website, the *Pro Se* Assistance Program operates by appointment and in-person only. Plaintiff can call (312) 435-5691 for an appointment.